LEAR, Judge,
dissenting.
Appellant, an attorney, seeks reimbursement of litigation expenses advanced by her on behalf of defendants in a separate lawsuit. There appears to be no dispute as to which party will be ultimately responsible for the payment of these expenses. It appears from the record that the defendants (appellant’s former clients) were to be ultimately responsible for payment of these expenses. The issue here is whether appellant’s advanced expenses are due and recoverable by her prior to recovery and collection of a judgment.
There is no evidence in the record indicating that appellant actually explained to or informed defendants that the advanced expenses would be reimbursed only if and when defendants actually received money (a recovery). The evidence shows that there was little actual discussion of this *1147 provision and that the defendants received the contract in the mail and signed it in appellant’s law office without questioning this provision. Thus, we must look to the actual words of the agreements and their context, rather than to the parties’ subjective understandings, in determining this issue.
The retainer agreement, entered into by the parties and upon which this suit was brought, states that appellant has agreed “to advance all costs and expenses necessary to prosecute said claim [defendants’] to a proper conclusion.” As to the main issue, the recovery by appellant of these advanced costs and expenses, the agreement further provides:
“I [defendants] hereby agree that said attorneys shall receive and recover in addition to any fee earned by said attorneys hereunder, the amount of all costs, disbursements and expenses incurred by said attorneys prosecuting my case to a proper conclusion.”
I believe that the trial court’s decision is clearly wrong, because (1) the above quoted provision does not condition reimbursement on “a proper conclusion [of defendants’ case] and (2) even if the phrase “prosecuting my case to a proper conclusion” is interpreted to condition recovery of expenses, appellant has fulfilled this condition.
Reading this disputed provision, it seems clear that the phrase “in prosecuting my case to a proper conclusion” was intended to and does merely identify and limit what costs, disbursements and expenses are recoverable by appellant. The purpose of this explanatory phrase is not intended to answer the question “when are these advanced expenses recoverable?”, but rather “which costs, disbursements and expenses are recoverable?” Thus, the phrase limits the attorney’s recovery from the client to those expenses incurred “in prosecuting my case to a proper conclusion.”
Assuming, however, that the trial court was correct in interpreting this phrase to mean that appellant could only recover advanced expenses when the case was brought to a “proper conclusion”, I believe that this condition was fulfilled at the time appellant sued to recover her advanced expenses.
The record is clear that appellant accepted defendants’ case and immediately thereafter began diligently prosecuting it. Considering the normal problems and delays inherent in litigation, her handling of this case appears from the record to be “proper”. This case was pursued by appellant and she obtained a judgment in defendants’ [herein] favor. She then attempted on her own and with defendants’ help, to finalize and execute the judgment. The record indicates, however, that, because the judgment debtor could not be located, this judgment had not been executed at the time appellant filed this suit.
Was there a “proper conclusion” of defendants’ suit? Under the circumstances, I believe there was.
Lawsuits may be properly concluded in a number of ways. In some cases plaintiffs may be successful in obtaining and executing a judgment and thereby actually receiving money. In other cases, through no fault of the attorney, a plaintiff’s suit may ultimately be dismissed, in which case there may be no recovery at all. Other alternatives are voluntary dismissal with no recovery or a compromise settlement. It does not, however, seem reasonable for an attorney to incur (and thereby obligate his client for the payment of) substantial expenses, which may in fact approach or even exceed the amount of the judgment. This is especially true, as in this case, where the expenses of locating the judgment debtor would not be recoverable from the judgment debtor. It appears that this case has been pursued as far as can reasonably be expected. Under these circumstances, this case was concluded, and properly so, at the time appellant brought this instant suit.
Because I believe that defendants could not reasonably have expected appellant to advance and lose the expenses incurred if an actual monetary recovery was not possible, and, even assuming defendants’ understanding to be reasonable, I believe that appellant did bring defendants’ case to a *1148 reasonable and “proper” conclusion, appellant should have recovery from defendants of her advanced expenses. I therefore respectfully dissent.